# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 1:16-CV-00047-FDW

| | |
|---|---|
| KATRINA BECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 14) and Defendant's Motion for Summary Judgment (Doc. No. 15). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405(g). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, the Defendant's Motion for Summary Judgment is DENIED, and the Commissioner's ruling is REMANDED for further proceedings consistent with this opinion.

## I. Background

The procedural history is not in dispute. Plaintiff, Katrina Becker, applied for disability insurance benefits on April 12, 2012, indicating that her onset date of disability was June 7, 2007. (Administrative Transcript ("Tr".) 20, 157-58). Plaintiff's date last insured for Title II benefits was June 30, 2010. Plaintiff's application was denied initially and upon reconsideration. (Tr. 102-06, 108-12). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 121-22). In a decision dated September 3, 2014, the ALJ denied Plaintiff's claim, finding that she was not disabled from June 7, 2007, through her date last insured, June 30, 2010. (Tr. 20-28). The ALJ denied Plaintiff's claim at step five of the Social Security Act's sequential process, finding

that Becker could perform work such as cleaner, laundry worker, or nut and bolt assembler. (Tr. 28). January 13, 2016, the Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner subject to judicial review. (Tr. 1-3).

Plaintiff filed the present action seeking judicial review under 42 U.S.C. § 405(g). Plaintiff has two assignments of error in her brief. (Doc. No. 14). First, Plaintiff contends that the ALJ did not properly evaluate the Veterans Administration's ("VA") rating for her service-connected disabilities in making its determination. Id. Secondly, Plaintiff contends that the ALJ erred by failing to give sufficient weight to the opinion of Becker's physician, Dr. Victoria DeFilippo. Id. Plaintiff requests a remand to the ALJ to address these errors. Id. The parties' Motions are now ripe for disposition.

## II. Standard of Review

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. Id. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. Id.

§ 404.1520(a)(4)(v).

This Court's review of a final decision by the Commissioner is authorized pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court's review is limited to 1) whether substantial evidence supports the Commissioner's decision and 2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Even if the reviewing court would have come to a different conclusion, it must uphold the Commissioner's decision if the decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The substantial evidence standard is met if a reasonable mind can use the amount of evidence to support a conclusion. Craig, 76 F.3d at 589. The substantial evidence level rests somewhere above a mere scintilla of evidence, but may be lower than a preponderance of the evidence. Id.

### III. Analysis

Plaintiff raises two issues for this Court to consider if remand is appropriate: (1) whether the ALJ properly evaluated the claimant's VA rating decision, and (2) whether the ALJ erred by failing to weigh the opinion of claimant's treating physician, Dr. Victoria DeFilippo. This Court will now consider these issues in turn.

(1) VA Rating Decision

Plaintiff contends the ALJ did not properly evaluate the VA's rating of 80% for her service-connected disabilities. At the disability hearing, the ALJ noted that the VA made its rating after Plaintiff's date last insured. (Tr. 25). This is significant because a claimant must show that she

3

became disabled prior to the expiration of her insured status in order to be eligible for disability insurance benefits. U.S.C. §§ 423(a)(1)(A), 423(c)(1); Roberts v. Schweiker, 667 F.2d at 1144. Because the rating by the VA does not address the time period prior to the date last insured, the ALJ found it to be irrelevant to this case.

Plaintiff argues the VA's decision to only begin paying disability on September 4, 2012, does not necessarily indicate that the Plaintiff was not disabled before this date. According to Plaintiff's counsel, Plaintiff could not request to reopen her prior claim with the VA before this September date. The reopening of the claim and the VA's decision were based on VA medical records of Plaintiff's psychological problems. (Tr. 162). Plaintiff argues that no evidence was offered to suggest that Plaintiff's condition worsened from the date of her initial claim to the date the request for reopening was made.

This Court does not find this argument persuasive. Mere evidence that impairment exists does not entitle a claimant to benefits. Here, Plaintiff is unable to show that the VA's decision provides evidence of a point in time prior to the date last insured where Plaintiff's impairments were disabling according to the SSA's standards.

Plaintiff relies heavily on the Fourth Circuit's decision in Bird v. Commissioner of Social Security, which stated that the SSA must give substantial weight to a VA rating disability. Bird v. Commissioner of Social Security, 699 F.3d 337, 343 (4th Cir. 2012). However, the Fourth Circuit also noted that because the VA and SSA employ different standards for disability, and the effective date of coverage for a claimant's disability under the two programs vary, an ALJ may give less weight to a VA decision when the record indicates that such a deviation is appropriate. Id. Such was the case here. The ALJ fully explained the reasons why the VA determination was generally inconsistent with the other record evidence before the ALJ. Additionally, the ALJ determined that

the VA decision deserved less weight because the disability determination was not awarded until after the Plaintiff's date last insured, thus the VA decision was correctly found to be irrelevant because it did not address the correct time period in question. The ALJ used the correct legal standard and relied on substantial evidence in determining that the VA rating decision did not warrant a finding of disability by the ALJ in this case.

(2) Opinion of Treating Physician

Plaintiff's second contention is the ALJ erred by failing to weigh the opinion of Plaintiff's physician, Dr. Victoria DeFilippo. Dr. DeFilippo, a VA psychiatrist, began treating Plaintiff on June 15, 2012, completing a Medical Source statement on July 17, 2012. (Tr. 499, 553, 585). Dr. DeFilippo indicated that Plaintiff was impaired in a number of categories, also stating that Plaintiff's mental health problems and limitations had been present for "at least 12 months or more." (Tr. 585).

Defendant concedes the ALJ decision fails to make any mention of Dr. DeFilippo's opinions as to Plaintiff's impairments. (Doc. No. 16, p. 6). This omission is a clear violation of 20 C.F.R. §404.1527(b), which mandates that an ALJ evaluate a treating physician's medical opinion. Plaintiff argues this omission warrants remand. This Court agrees.

Defendant contends that the failure to weigh Dr. DeFilippo's statement is harmless error. Upon a defense of harmless error, Plaintiff must show that remand would result in a finding of disability. Dover v. Astrue, No. 1:11CV120, 2012 WL 1416410, *5 (W.D.N.C. Mar. 19, 2012) ("even assuming that the ALJ did err, such error by the ALJ was harmless because remand would not lead to a different result."). Because Dr. DeFilippo's statement was issued over two years after the date last insured, Defendant argues that Plaintiff would be found not disabled even if the statement were considered upon remand.

5

This Court is not persuaded that Defendant's argument is accurate. While it is possible the ALJ will arrive at the same conclusion on remand, it is not a certainty. What is certain is that the ALJ should have considered Dr. DeFilippo's statement, and it erred by failing to do so. Accordingly, this Court remands this case for the ALJ to properly consider Dr. DeFilippo's Medical Source statement in rendering its decision.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is GRANTED, Defendant's Motion for Summary Judgment (Doc. No. 15) is DENIED, and the Commissioner's decision REMANDED for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: March 28, 2017

Frank D. Whitney
Chief United States District Judge